**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4971**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANNY CARLTON GRIPPER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (CR-03-4)

———————

Submitted:  November 30, 2004        Decided:  January 28, 2005

———————

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William E. Loose, WILLIAM E. LOOSE ATTORNEY AT LAW, P.A., Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Danny C. Gripper appeals his conviction and sentence for bank robbery, in violation of 18 U.S.C. § 2113(a) (2000); armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2000); use and carry of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000).

On appeal, Gripper asserts that the district court erred by denying his request to subpoena alibi witnesses at the Government's expense, because the current version of Fed. R. Crim. P. 17(b) does not require the contact information of potential witnesses, a factor noted by the court for its decision to deny the motion. The grant or denial of a request for subpoenas under Rule 17(b) is vested in the sound discretion of the trial judge, and the denial of such is not tantamount to a denial of rights guaranteed by the Sixth Amendment. United States v. Sellers, 520 F.2d 1281, 1285-86 (4th Cir. 1975). An indigent party seeking a Rule 17(b) subpoena must allege facts that, if true, demonstrate "the necessity of the requested witness' testimony." Fed. R. Crim. P. 17(b), (c); United States v. Webster, 750 F.2d 307, 329-30 (5th Cir. 1984). Gripper made no such showing. His motion simply lists the names of several individuals who "may be witnesses for Defendant." It makes no mention of the substance of their testimony, or that they would provide an alibi. Accordingly, we

conclude that the district court's denial of this motion was a sound exercise of discretion. <u>Sellers</u>, 520 F.2d at 1281.

Gripper next contends that the district court erred by refusing to admit several pieces of exculpatory evidence at trial. This Court reviews a district court's evidentiary rulings for abuse of discretion. <u>United States v. Leftenant</u>, 341 F.3d 338, 342 (4th Cir. 2003), <u>cert. denied</u>, 124 S. Ct. 1183 (2004). "[This Court] will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" <u>United States v. Moore</u>, 27 F.3d 969, 974 (4th Cir. 1994) (quoting <u>United States v. Ham</u>, 998 F.2d 1247, 1252 (4th Cir. 1993)). After careful review of the record, we find no abuse of discretion.

Gripper also contends that the district court erred by denying his motions for a judgment of acquittal because the evidence was insufficient to support his conviction. This Court reviews the district court's decision to deny a motion for judgment of acquittal de novo. <u>United States v. Gallimore</u>, 247 F.3d 134, 136 (4th Cir. 2001). If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."

United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  In evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  After careful review of the record, we conclude there was sufficient evidence to support Gripper's conviction.  Glasser, 315 U.S. at 80; Romer, 148 F.3d at 364.

Gripper next argues that the district court abused its discretion by refusing to sever the § 922(g) count from the remaining counts because it is not probative as to Count I, and because the § 922(g) charge prejudicially "allowed the jury to hear [that] Gripper had been convicted [of] . . . a similar crime."  A court of appeals may reverse a denial of a motion for relief from prejudicial joinder only if the district court abused its discretion or there was clear prejudice.  United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995).  To obtain a severance under Fed. R. Crim. P. 14, a defendant must show that the joinder is "'so manifestly prejudicial that it outweighed the dominate concern with judicial economy.'"  Id. (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)).  After careful review of the record, we conclude that all four counts were properly joined, Fed. R. Crim. P. 8(a), and that the district court's denial of Gripper's

motion for severance was neither an abuse of discretion nor clearly prejudicial.  Acker, 52 F.3d at 514.

Gripper's penultimate claim is that the district court erred by rejecting his proposed jury instruction.  In general, the decision to give, or not to give, a jury instruction and the content of that instruction are reviewed for an abuse of discretion.  United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995).  To be entitled to a requested jury instruction, the party urging the instruction must establish a sufficient evidentiary foundation to support the instruction.  United States v. Lewis, 53 F.3d 29, 32 n.8 (4th Cir. 1995). "[T]his court must view the evidence in the light most favorable to [the party requesting the instruction] in determining if there is sufficient evidentiary foundation for a requested instruction." United States v. Giraldi, 86 F.3d 1368, 1376 (5th Cir. 1996) (citing United States v. Lewis, 592 F.2d 1282, 1286 (5th Cir. 1979)).  The denial of a requested instruction is reversible only if the proposed instruction:  (1) was correct, (2) was not substantially covered by the court's charge to the jury, and (3) dealt with a point so important that failure to issue the requested instruction seriously impaired the defendant's ability to conduct his defense.  Lewis, 53 F.3d at 32. After careful review of the evidence presented at trial, we conclude that Gripper has not established that the evidence supported his proposed instruction.  Accordingly, the district

court did not abuse its discretion in denying the request. <u>Id.</u>; <u>Burgos</u>, 55 F.3d at 935.

Finally, Gripper contends that the district court impermissibly enhanced his sentence from five to seven years for violating 18 U.S.C. § 924(c), in violation of the Supreme Court's recent decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). However, <u>Blakely</u> involves the use of the federal Sentencing Guidelines to enhance a defendant's sentence based upon facts not presented to the jury. Here, the indictment specifically charged Gripper with brandishing a firearm in violation of § 924(c)(1)(A)(ii), an offense that carries a seven-year penalty. Because the charge of brandishing a weapon was presented to and found by the jury, we conclude that Gripper's sentence does not run afoul of the reasoning set forth in <u>Blakely</u>.

Accordingly, we affirm Gripper's sentence and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>